UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RONALD KING, | ) | No. ED CV 08-00209-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | (Social Security Case) |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:[1]

1. Whether the Administrative Law Judge ("ALJ") properly considered the treating physician's opinion;
2. Whether the ALJ properly rated Plaintiff's mental impairment;
3. Whether the ALJ properly developed the record; and
4. Whether the ALJ posed a complete hypothetical question to the vocational expert ("VE").

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THERE IS NO ERROR IN THE RECORD CONCERNING**

**THE ISSUE OF MENTAL IMPAIRMENT**

In his first issue, Plaintiff asserts that his treating physician, Dr. Boutros, noted the word "depression" in an Adult Progress Note dated November 13, 2006. (AR 221.)  Plaintiff complains that the ALJ failed to discuss this notation.

In his second issue, Plaintiff asserts that the ALJ erred by failing to discuss Plaintiff's assertion in a "Disability Report - Appeal" that, "I don't work and I stay home all the time.  I'm a

---

[1] Although Plaintiff identifies four discrete issues, each is related to Plaintiff's contention that the ALJ erred with regard to the analysis of a possible mental impairment; e.g., depression.  The Court will consolidate its discussion of each issue in one section.

little depressed." (AR 178.)[2] Plaintiff then noted that he takes the medication Elavil as a sleep aid, that it has helped his mood and, that he is "not depressed like I was before." (AR 30.)

In Plaintiff's third issue, he asserts that the ALJ failed to properly develop the record based on Plaintiff's belief that he has depression. Plaintiff asserts that this evidence demonstrates that he has a colorable mental condition.

Finally, Plaintiff asserts that in failing to include any mental limitations in the hypothetical question to the VE, the ALJ committed error.

As the Court will discuss, none of these claims have any validity.

**A.  Applicable Law**.

In the sequential evaluation process, it is Plaintiff's burden to demonstrate that he has a severe impairment, as that term in defined in the applicable regulations. (See 20 C.F.R. §404.1521.)

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. §416.920. Basic work activities relate to the aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. §416.921; Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987).

---

[2]  In his testimony at the hearing before the ALJ, Plaintiff said that his insurance would not cover him to see a psychiatrist but that, "I would love to because I think I have depression too." (AR 29.)

1    Plaintiff is not required to establish total disability at this
2 level of the evaluation. Rather, the severe impairment requirement is
3 a threshold element which plaintiff must prove in order to establish
4 disability within the meaning of the Act. Id. at 146. "The severity
5 requirement increases the efficiency and reliability of the evaluation
6 process by identifying at an early stage those claimants whose medical
7 impairments are so slight that it is unlikely they would be found to
8 be disabled even if their age, education, and experience were taken
9 into account." Id. at 153.
10   Pursuant to Social Security Ruling 85-28,

11      "An impairment or combination of impairments is found
12      'non-severe' and a finding of 'not disabled' is made at this
13      Step when medical evidence establishes only a slight
14      abnormality or a combination of slight abnormalities which
15      would have no more than a minimal effect on an individual's
16      ability to work even if the individual's age, education, or
17      work experience were specifically considered (i.e., the
18      person's impairment(s) has no more than a minimal effect on
19      his or her physical or mental ability(ies) to perform basic
20      work activities)."

22    In evaluating medical evidence, the ALJ need not discuss each and
23 every notation in the record; rather, relevant evidence must be
24 evaluated. Gonzalez v. Sullivan, 914 F.2d 1197, 1200-01 (9th Cir.
25 1990). Moreover, mere identification of symptoms by a medical
26 professional does not establish the types of functional deficits which
27 by definition preclude an ability to work. Morgan v. Commissioner,
28 169 F.3d 595, 601 (9th Cir. 1999). Finally, even a diagnostic opinion

does not suffice to demonstrate the existence of a severe impairment. <u>Sample v. Schweicker</u>, 694 F.2d 639, 642-43 (9th Cir. 1989).

The ALJ does have a duty to develop the record when the evidence is ambiguous or inadequate to allow for proper evaluation. <u>Mayes v. Massanari</u>, 276 F.3d 453, 459 (9th Cir. 2001). Finally, all of the demonstrated functional limitations of a claimant must be included in the hypothetical question posed to a VE. <u>Flores v. Shalala</u>, 49 F.3d 562, 570-71 (9th Cir. 1995).

**B.   Analysis**.

Plaintiff sought disability benefits because, he asserted, he had an enlarged heart and dilated ascending aorta which made him unable to lift as needed. (<u>See</u> Disability Report - Adult, AR 138-147, at 139.) Further, there is no indication whatsoever in the record that Plaintiff ever sought treatment for a mental impairment. While the Court appreciates that Plaintiff's insurance might not allow him to see a psychiatrist, as he testified (AR 29), there is no evidence he ever complained to his primary care physician that he had issues pertaining to a mental impairment. Plaintiff's treatment in fact pertains to his heart condition. Moreover, the mere mention of the word "depression" by Dr. Boutros certainly fails to qualify under any definition as a diagnosis of a condition. There are no statements or assessments by Dr. Boutros concerning any possible functional limitations observed by the physician regarding Plaintiff's mental health.

Looked at in the light most favorable to Plaintiff, even his own testimony at the hearing indicated that he was taking a sleep medication which helped his mood and led him to feel not as depressed

as he had been before. Plaintiff's belief that the ALJ should have discussed this isolated statement in his testimony is simply not supported by case law.

Plaintiff's third issue, concerning an asserted failure by the ALJ to properly develop the record, is again without any merit. Plaintiff asserts that the ALJ raised the issue of the absence of a pulmonary function test (AR 17), but there is nothing in this brief statement that indicates any belief on the part of the ALJ that such a test was necessary. Plaintiff points to nothing in the record indicating that the evidence was ambiguous or inadequate to allow proper evaluation.

Finally, Plaintiff raises as his fourth issue that the ALJ failed to pose a complete hypothetical question to the VE, in that no mental limitations were incorporated in the hypothetical question. This is factually correct, but legally insignificant. Simply put, there were no mental limitations to be included in the hypothetical question. No substantial evidence exists to support a mental limitation and for that reason, no such limitations needed be placed into the hypothetical question.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: January 6, 2009         /s/
                               VICTOR B. KENTON
                               UNITED STATES MAGISTRATE JUDGE

6